[No. 4290.  Decided August 27, 1902.]

## H. E. BALDWIN, *Appellant*, v. LINCOLN COUNTY, *Respondent*.

NEGLIGENCE — MITIGATION OF DAMAGES — PERSONAL INJURIES — UNSKILLFUL MEDICAL TREATMENT.

In an action to recover for injuries resulting from defendant's negligence, the defendant is entitled to prove, in mitigation of damages, that the plaintiff himself was negligent in failing to employ a competent physician or surgeon to treat the injuries and that by reason of improper treatment such injuries were greatly increased.

HIGHWAYS — DEFECTS — ASSUMPTION OF RISKS.

A requested instruction that "if the necessities of a person's business require him to use a defective or dangerous highway, he may use it, notwithstanding he knows its defects and dangers," was properly refused for the reason that such a rule would do away with the doctrine of assumption of obvious risks.

INSTRUCTIONS — OBSCURITY — APPLICATION BY JURY OF LAW TO FACTS.

The court charged the jury as follows: "The jury will disregard all statements of the law made by the court which in their judgment, considering the facts, are not predicated upon the evidence; such statements are intended to be abstract propositions of law, applicable only, and to be applied, to the facts found, and not as assuming any fact to be proven, or as in any manner directing your judgment upon the facts. You will consider the instructions of the court together. It is not the province of the court to urge or make prominent any fact of this case, but to state the law applicable to the theory of either party." *Held*, that such charge, while open to the criticism of seeming to authorize the jury to pass upon the applicability of the instructions to the facts, did not constitute reversible error, since

it must have been apparent to the jury from the whole context that the court desired to impress them with the idea that it was not assuming any fact as proven or directing their judgment on the facts, but was stating the law applicable to the theories of both parties, and that when they found the facts they should apply the law applicable thereto, disregarding the statement of the law not applicable to the facts found.

Appeal from Superior Court, Lincoln County.—Hon. Stephen J. Chadwick, Judge. Affirmed.

*Crow & Williams* and *Myers & Warren*, for appellant.

*N. T. Caton*, Prosecuting Attorney, and *Martin & Grant*, for respondent.

The opinion of the court was delivered by

Mount, J.—Action to recover damages for personal injuries sustained by reason of an alleged defective bridge on a public highway owned and maintained by respondent. In the complaint it is alleged that the bridge and highway were dangerous and defective, in that the planking and timbers were of insufficient strength; were worn and decayed, the flooring covering said bridge was not nailed or fastened to the supports, and the earth approach to said bridge was worn so that the flooring on the bridge was more than four inches higher than such earth approach; that appellant, by reason of the defective and dangerous condition of the bridge and earth approach, suffered severe and permanent injuries. The bridge in question was about sixteen feet wide by twelve feet long, across a depression about three feet deep. Appellant and one Ellis were engaged in moving a large threshing machine, about nine feet wide, weighing about nine thousand pounds, drawn by six horses, across the bridge when the injury occurred. Appellant was walking on the bridge, by the side of the threshing machine. About mid-

way thereof, when the rear wheels came to the planking, the weight of the machine rising on the bridge caused the flooring thereof to "buckle up" and slide forward, catching appellant's right leg about the ankle, breaking the bones.

The defendant, for answer to the complaint, denied the allegations of negligence on its part, and, by way of affirmative defense, pleaded contributory negligence on the part of the plaintiff. The reply denied the affirmative defense. Upon a trial of the cause the jury returned a verdict for the defendant. From a judgment on the verdict, plaintiff appeals.

Three alleged errors are relied on for a reversal. The first is that the trial court permitted respondent's witness Dr. Whitney to answer the following question:

"Q. I will ask if, after being injured in a condition I have described to you, if pasteboard splints placed there for the purpose of holding it in place would be a proper treatment of it?"

Dr. Whitney was called as an expert witness by the defendant in the court below for the purpose of showing unskillful treatment of the injury. The question referred to the splints used by the plaintiff's physician when treatment was first applied to the broken limb. Respondent throughout the trial attempted to show that the person to whom appellant went for treatment was not a licensed practicing physician or surgeon, and that the plaintiff knew this fact, and that the medical treatment received by appellant was unskillful, and that the injury resulting to appellant was therefore greater than it otherwise would have been. The appellant was asked by respondent on cross examination the following questions:

"Q. What doctor did you say treated you first in Reardon? A. Dr. Lindley. Q. Was Mr. Lindley a

doctor? A. I could not say. I never had a doctor before. Q. You don't know whether he was a doctor or not? A. No."

Respondent concedes in his brief that the appellant upon receiving his injuries was bound to obtain timely medical assistance, in order to reduce the damages suffered as much as possible, and that it was his duty to see that his injuries were attended to with dispatch, and to seek the nearest competent physician. The injured party, having used ordinary care in this regard, cannot be held to assume the liability of improper treatment. Beach, Contributory Negligence (3d ed.), § 407. The converse of the rule must maintain, also,—that if the injured party was negligent in the employment of a competent physician, or employed some person whom he knew to be incompetent, when competent physicians were accessible, and improper treatment was resorted to, and the injuries thereby greatly increased, these facts may be shown in mitigation of damages. These facts were facts to be determined by the jury from the evidence. The trial court upon this question very properly, we think, instructed the jury as follows:

"It is the duty of the person who has sustained personal injuries for which another is liable, to secure timely medical or surgical aid, in order to reduce the liability of the party causing the injury. In selecting a physician he is only charged to use ordinary care and judgment. If plaintiff used ordinary care and judgment in selecting a physician, considering the circumstances of the case, the liability of defendant would not be changed, if you find the county is liable; nor would the amount of recovery be reduced, even though you should find the physician did not perform his work skillfully."

In view of the fact that plaintiff testified that he did not know whether or not the person he employed was a

physician, we think the court properly permitted the question.

The next error claimed is the refusal of the court to give to the jury an instruction requested by appellant as follows:

"Knowledge by a person of a defective or dangerous condition of a public highway, and the use of it notwithstanding such knowledge, are not of themselves negligence. If the necessities of a person's business require him to use a defective or dangerous highway, he may use it, notwithstanding he knows its defects and dangers. Such knowledge requires an increased caution and diligence to avoid injury. In other words, although a person is required to exercise only ordinary care and prudence, yet such care and prudence must be commensurate with the necessities of the case, and maintain a constant level with the dangers of the situation."

The first and last parts of this instruction may state a correct abstract principle of law, but we cannot accede to the view that, "if the necessities of a person's business require him to use a defective or dangerous highway he may use it notwithstanding its defects and dangers." It certainly cannot be claimed that where a bridge across a stream is absolutely and notoriously dangerous, and where people are forbidden to travel thereon, and the necessities of one's business require him to cross such a structure in the face of imminent danger, and he does so, and is injured, that he has not assumed the risk. Such a rule does away with the doctrine of assumed risk. There must be some place where life and limb shall be regarded above the necessities of business, and where a person may not encounter a known and obvious danger except at his own risk. With this clause in the requested instruction, it was not error for the court to refuse to give it. The court fully covered all the other features of the instruction requested by instructions which were given.

.The court gave the following instruction:

"The jury will disregard all statements of the law made by the court which in their judgment, considering the facts, are not predicated upon the evidence; such statements are intended to be abstract propositions of law, applicable only, and to be applied, to the facts found, and not as assuming any fact to be proven, or as in any manner directing your judgment upon the facts. You will consider the instructions of the court together. It is not the province of the court to urge or make prominent any fact of this case, but to state the law applicable to the theory of either party."

It is argued by appellant that this instruction authorized the jury to disregard any instruction given by the court, and to pass upon the applicability of the instructions to the facts. While the instruction, when construed literally, is subject to this criticism, yet we think, from the whole context, it was not the intention of the learned trial judge to authorize the jury to disregard any statement of the law which had been made, and which was applicable to the facts found. The instruction cannot fairly be so construed. But it was the intention of the court to tell the jury that when they found the facts they should apply the law applicable thereto, and disregard the law not applicable. The central idea of the court, no doubt, was to impress the jury that the court was not assuming any fact to be proven, or in any manner to direct their judgment upon the facts, but was stating the law applicable to both parties. This must certainly have been the impression upon the jury, and therefore could not have been prejudicial. While we do not desire to be understood as approving the instruction as a model to be followed hereafter, we think it did not constitute reversible error.

The cause will therefore be affirmed.

REAVIS, C. J., and WHITE, DUNBAR, FULLERTON and HADLEY, JJ., concur.